# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RODOLFO JOSE TEMAJ-FELIX,

        Petitioner,    :    Case No. 1:20-cv-544

- vs -    District Judge Matthew W. McFarland
    Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

        Respondent.    :

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Rodolfo Jose Temaj-Felix, pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 5), the State Court Record (ECF No. 12), the Warden's Return of Writ (ECF No. 13), and Petitioner's Reply (ECF No. 14). The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Southern District of Ohio (ECF No. 15).

**Litigation History**

On April 12, 2011, a Hamilton County Grand Jury indicted Temaj-Felix on two counts of aggravated vehicular homicide, two counts of aggravated vehicular assault, and two counts of failure to stop after an accident (Indictment, State Court Record, ECF No. 12, Exhibit 1). After his motion to

1

suppress was denied, Temaj-Felix pleaded guilty to one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and two counts of failure to stop after an accident (Entry of Guilty Plea, State Court Record, ECF No. 12, Ex. 3). On December 19, 2011, the trial court ordered Temaj-Felix to serve an aggregate imprisonment sentence of 18 years. *Id.*, Exhibit 5. Petitioner appealed with the sole assignment of error being that the two counts of failure to stop after an accident should have been merged under Ohio Revised Code § 2941.25 (Appellant's Brief, State Court Record, ECF No. 12, Ex. 13). The Ohio First District Court of Appeals granted relief on this assignment but otherwise affirmed the conviction and sentence. *State v. Temaj-Felix,* 2013 Ohio 4463 (Ohio App. 1st Dist., Oct. 9, 2013)(copy at State Court Record, ECF No. 12, Ex. 15).

On January 16, 2014, Petitioner filed a motion for new trial on the grounds the trial judge abused his discretion by imposing consecutive sentences and that he had a plea agreement for a sentence of no more than fifteen years (Motion, State Court Record, ECF No. 12, Ex. 16). The trial court denied the motion and Temaj-Felix appealed again to the First District. That court sustained the first of his eight assignments of error, but otherwise affirmed. *State v. Temaj-Felix*, 2015-Ohio-3966 (1st Dist. Sept. 30, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1506 (2016). It remanded "with instructions for the trial court to incorporate its findings supporting the imposition of consecutive sentence into its judgment entry of conviction, *nunc pro tunc*. *Id.* at ¶ 18.

On remand on the direct appeal, the two hit-skip counts were merged and the sentence reduced to seventeen years (Judgment Entry, State Court Record, ECF No. 12, Ex. 26). Petitioner appealed and the First District then decided his remaining fourth and eighth assignments of error. *State v. Temaj-Felix,* 2015-Ohio-2967 (Ohio App. 1st Dist. Sept. 30, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1506 (2016). As to the fourth assignment (failure to honor plea agreement), it found Temaj-Felix had failed to prove there was such an agreement. *Id.* at ¶ 12. It concluded his eighth assignment (lack of findings to support consecutive sentences) was untimely. *Id.* at ¶¶ 13-14.

# Analysis

**Statute of Limitations**

Respondent asserts the Petition is barred by the statute of limitations, 28 U.S.C. § 2244(d)(Return, ECF No. 13, PageID 384-89). That statute, which was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides, with exceptions not relevant to this case, that a petition for habeas corpus must be filed within one year of the date that a conviction becomes final on direct appeal. As Respondent notes, all of Temaj-Felix's state court litigation culminated in denial of review by the Supreme Court of Ohio on February 24, 2016 (Entry, State Court Record, Ex. 31). The conviction became final on direct review ninety days later when Petitioner's time to petition the Supreme Court of the United States for certiorari review expired, or on May 24, 2016. On that date the statute of limitations began to run and it expired one year later on May 24, 2017, unless some intervening event tolled it.

Under the prison mailbox rule, Petitioner is deemed to have filed the Petition the date he signed it and deposited it in the prison mail system, July 9, 2020 (Petition, ECF No. 1-2, PageID 39). By the Court's calculation, the filing was 1,142 days late.

As his explanation for late filing, Temaj-Felix notes that he was represented by counsel in the Supreme Court of Ohio, but counsel never informed him of that court's February 24, 2016, decision. *Id.* at PageID 33-34. He claims he had not heard from counsel for several years, so he wrote to the Clerk of the Supreme Court of Ohio on June 3, 2020, and received notice of the February 24, 2016, decision. *Id.* at PageID 36-37. He avers that he would have filed sooner if he

had known of the dismissal. *Id.* at PageID 34. Finally, he notes that English is not his native language and he has a minimal understanding of it. *Id.* at PageID 33.

The only arguable basis on which Petitioner's more than three-year delay could be excused is equitable tolling. The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic).

"Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). *Keeling* cites several prior cases where equitable tolling was refused even though a petitioner's attorney failed to keep him apprised of the status of pending matters. A petitioner's *pro se* status and lack of knowledge of the law do not constitute an extraordinary circumstance to excuse late filing. *Keeling*.

The facts asserted by Temaj-Felix do not justify equitable tolling. As far as the record shows, he made no effort to find out the status of his appeal for several years.[1] He could have inquired of the Supreme Court of Ohio any time during that period; that court responded very

---

[1] Although he includes a copy of his letter to the Clerk of the Supreme Court of Ohio about status, he includes nothing to show inquiry made to his attorney.

4

quickly to is inquiry and appears to have sent notice of its decision to his attorney rather than to him personally.

Nor does Petitioner's lack of proficiency in English excuse his failure to file on time. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 12, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.